**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4538**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

GERALD GARDNER,

            Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:09-cr-00619-JFM-1)

─────────────

Submitted:  March 21, 2011            Decided:  April 7, 2011

─────────────

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Melissa M. Phinn, LAW OFFICE OF MELISSA PHINN, Baltimore,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Thiruvendran Vignarajah, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Gardner pled guilty, pursuant to a written plea agreement, to one count of possession with the intent to distribute heroin, in violation of 21 U.S.C.A. § 841(a) (West 2006 & Supp. 2010), and was sentenced to 180 months' imprisonment. In the plea agreement, Gardner reserved the right to challenge the district court's denial of the motion to suppress evidence seized from his vehicle. Gardner contends on appeal that the district court erred in denying the motion to suppress. We affirm.

In reviewing the district court's denial of Gardner's suppression motion, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). Because the district court denied Gardner's motion, we review the evidence in the light most favorable to the Government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). We also defer to the district court's credibility determinations. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. amend. IV. This guarantee requires that "searches be conducted pursuant to a warrant issued by an

2

independent judicial officer." California v. Carney, 471 U.S. 386, 390 (1985). There are, however, "a few specifically established and well-delineated exceptions" to this general rule. California v. Acevedo, 500 U.S. 565, 580 (1991) (internal quotation marks omitted).

With these standards in mind, and having reviewed the transcript of the suppression hearing and the parties' briefs, we conclude that the district court did not err in denying Gardner's motion to suppress. The record amply supports the district court's finding that a law enforcement officer asked Gardner for consent to search his vehicle and that Gardner voluntarily consented to the search. See Schneckloth v. Bustamonte, 412 U.S. 218, 219, 227 (1973) (recognizing that consent is an exception to the warrant requirement and that voluntariness of consent depends on the totality of the circumstances); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc) (listing factors appropriate for consideration in reviewing whether consent was voluntarily given).[*]

---

[*] Because we conclude that the evidence permitted the district court to conclude that Gardner voluntarily consented to the search of his vehicle, we need not evaluate whether the officers involved also possessed probable cause to conduct the search.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4